IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:23 CR 189 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ANTOINE GAITHER,** | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

Defendant Antoine Gaither is charged in a single-count Indictment with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), felon in possession of a firearm. (Doc. 1, at 1). This charge is based on Gaither's alleged possession of a firearm despite felony convictions in 2016 (trafficking in heroin and participating in a criminal gang). *Id.*

Currently pending before the Court is Gaither's Renewed Motion to Dismiss the Indictment. (Doc. 63).[1] The Government responds in opposition (Doc. 67), and Gaither replies (Doc. 22). For the reasons set forth below, Gaither's motion is denied.

### DISCUSSION

Gaither moves to dismiss the indictment, arguing § 922(g)(1) is unconstitutional as applied to him. (Doc. 63). The Government responds that § 922(g)(1) is constitutional as applied to Gaither given his criminal history.

In the recently-decided case of *United States v. Williams*, the Sixth Circuit established a framework for evaluating "as-applied" constitutional challenges to § 922(g)(1). 113 F.4th 637

---

1. This is Gaither's second motion to dismiss based on a constitutional challenge to 18 U.S.C. § 922(g). He renews his motion in light of recent clarifying Sixth Circuit authority on the issue.

(6th Cir. 2024). It held the statute "is constitutional on its face and as applied to dangerous people." *Id.* at 662-63. The Circuit explained "[h]istory shows that governments may use class-based legislation to disarm people it believes are dangerous, so long as members of that class have an opportunity to show they aren't." *Id.* at 661-62.

In *Williams*, the Sixth Circuit found the defendant's "as applied" challenge to § 922(g)(1) failed because his "criminal record shows that he's dangerous[.]" *Id.* at 662. The court observed Williams had been convicted of two felony counts of aggravated robbery, which it noted was a crime "[a]ccomplished with a deadly weapon." *Id.* "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, presents a danger to others or the public." *Id.* But Williams had also been convicted of attempted murder and had a prior conviction of being a felon-in-possession. *Id.* Such a showing, the court held, was more than sufficient to demonstrate "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.*

The court in *Williams* explained that "certain categories of past convictions are highly probative of dangerousness, while others are less so." *Id.* at 658. It concluded:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id.* at 663.[2] The court further instructed that district courts "need not find a 'categorical' match to a specific common-law crime to show that a person is dangerous[,]" but should instead "make fact-specific dangerousness determinations after taking account of the unique circumstances of

---

2. The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." 113 F.4th at 663. It noted, however, that "such a case [was] not before" the court. *Id.* This category is also not before this Court in the instant case.

the individual, including details of his specific conviction." *Id.* In so doing, courts "may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.* "[T]he burden rests on [the defendant] to show he's not dangerous." *Id.* at 662; *see also United States v. Parham*, -- F. 4th --, 2024 WL 4511825 (6th Cir. Oct. 17, 2024).

In his initial motion, Gaither presents two arguments that he is not dangerous. First, he notes his prior offenses (drug trafficking and participating in a criminal gang in 2016, carrying a concealed weapon in 2018, and having weapons under disability in 2019) fall into the Sixth Circuit's "second category of offenses, which are not crimes against the person." (Doc. 63, at 5). Second, he contends "these offenses occurred several years prior to his instant offenses, which are alleged to have occurred in 2022." *Id.* In Reply, Gaither expands upon this second argument, asserting that "the bulk of these old convictions" were committed when Gaither was between the ages of 19 and 24, citing an article and a proposed amendment to the sentencing guidelines regarding the brain development of young adults to argue his age should be considered in evaluating his "dangerousness". (Doc. 72, at 2). For the reasons set forth below, the Court finds Gaither has not satisfied his burden to show he is not dangerous.

First, as the *Williams* court itself noted, drug trafficking is "a crime that inherently poses a significant threat of danger" and an individual with such a conviction "will have a very difficult time, to say the least, of showing he is not dangerous." 113 F. 4th at 663. As the Government points out, Gaither's drug trafficking indictment indicates he committed the offense while in possession of a firearm, necessarily increasing the dangerousness of such a crime. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.") (citation omitted); *United*

3

*States v. Hamler*, 2022 WL 798860, at *3 (S.D. Ohio) ("Drug trafficking is dangerous, and when firearms are involved, those dangers increase exponentially."); *United States v. Flowers*, 2005 WL 1981364, at *4 (E.D. Tenn.) (observing the "sale of drugs [ ] establish[es] a significant danger" and "[t]he addition of guns to the equation" would only increase it). Thus, Gaither has committed at least one crime that the Sixth Circuit described as "highly probative of dangerousness," and an individualized assessment of Gaither's conduct in committing that crime confirms this.

Second, as he acknowledges, this is not the only conviction in Gaither's criminal history. The entirety of Gaither's criminal record, which *Williams* instructs this Court to consider, also includes past felony convictions for drug possession, participating in a criminal gang, and attempt to commit having weapons while under disability, as well as past misdemeanor convictions for drug offenses, negligent assault, carrying a concealed weapon, and petty theft. Again, this combined history only serves to enhance a determination that Gaither is a dangerous individual who may be constitutionally disarmed. For example, as the Government points out, Gaither's 2019 negligent assault conviction resulted from an assault Gaither committed on a fellow inmate, involving punching and choking, and for which the fellow inmate required stitches.

Finally, the Court finds unpersuasive Gaither's primary argument that the timing of his prior offenses and his age somehow undermine or negate the above and show he is not dangerous. First, no Sixth Circuit authority regarding as-applied challenges to § 922(g)(1) mentions the age of the prior convictions upon which the court relied. *See Williams*, 113 F.4th 637; *Parham*, 2024 WL 4511825. And, indeed, *Williams* expressly states that a court "may evaluate a defendant's entire criminal record[.]" 113 F.4th at 663. Second, all of these prior

4

convictions stem from actions within ten years of the conduct at issue in this case. This is the recent, not distant, past. Third, and finally, the Court finds unpersuasive Gaither's general argument that research into the brain development of young adults – suggesting that he "potentially" acted with increased impulsivity given his age – changes the analysis here.

In conclusion, the Court finds an individualized assessment of Gaither's prior convictions is "sufficient to conclude that [Gaither], if armed, presents a danger to others or the public." *Id.* at 662. And Gaither has not met his burden to demonstrate otherwise. The Court therefore rejects Gaither's "as applied" challenge to § 922(g)(1) and denies his renewed motion to dismiss the indictment.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Gaither's Renewed Motion to Dismiss the Indictment (Doc. 63) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2024